UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL WEEMS, INDIVIDUALLY AND ON BEHALF OF HER DECEASED MOTHER, VEOLA MOSBY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO: 06-5460 |
| TOURO INFIRMARY AND SHONO, INC. D/B/A SPECIALTY HOSPITAL OF NEW ORLEANS | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motions to remand of Cheryl Weems and Touro Infirmary are **GRANTED**, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana. (Documents #11 and 13.)

### I. BACKGROUND

Cheryl Weems, individually and on behalf of her deceased mother, Veola Mosby, and on behalf of all others similarly situated, filed a class action petition for damages in Civil District Court for the Parish of Orleans against Touro Infirmary (Touro) and SHONO, Inc. d/b/a

Specialty Hospital of New Orleans (SHONO).[1]  Weems alleges that the defendants caused injury or death as a result of unreasonably dangerous conditions or defects on their premises on August 29, 2005, and failed to provide an adequate means of transportation to move persons off of the premises in the wake of Hurricane Katrina.  Weems specifically alleges that her mother was exposed, *inter alia*, to extreme heat temperatures and died on the premises of Touro and Shono.

SHONO removed the action to federal court based on the Class Action Fairness Act. 28 U.S.C. §§ 1332(d)(2) and 1453(b) (CAFA), alleging that minimal diversity of citizenship is satisfied because SHONO is diverse from at least one putative class member decedent and her surviving husband, who were both citizens of West Virginia at the time of her death.  Weems and Touro each filed a motion to remand the case to state court.

## II. DISCUSSION

**A.  Legal standard**

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).   Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  CAFA expands federal diversity jurisdiction over interstate class actions if the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and at least one class

---

[1]  Shono is a long-term, acute care hospital that operated on the Touro premises.  Between August 29 and September 1, 2005, seven patients at Shono's facility died.

member is a citizen of a different state than one or more defendants.  See 28 U.S.C. § 1332(d)(2).  Citizenship is determined at the time the complaint or amended complaint was filed.  28 U.S.C. § 1332(d)(7).  Sections 1332(d)(3) provides federal courts with discretionary authority to decline jurisdiction, and § 1332(d)(4)[2] mandates that the court decline to exercise jurisdiction under certain circumstances.

## B.  Motions to remand of Weems and Touro

Weems contends that the court must decline jurisdiction under the mandatory provisions of CAFA, specifically under § 1332(d)(4)(A)(i)(I) because more than two-thirds of the members of the class are from Louisiana, and under § 1332(d)(4)(A)(i)(II) because both defendants, Touro

---

[2]   Section 1332(d)(4) provides:
A district court shall decline to exercise jurisdiction under paragraph (2)--
   (A)(i) over a class action in which--
       (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
       (II) at least 1 defendant is a defendant--
           (aa) from whom significant relief is sought by members of the plaintiff class;
           (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
           (cc) who is a citizen of the State in which the action was originally filed; and
       (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
   (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
   (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

and SHONO, are Louisiana corporations against whom significant relief is demanded and whose conduct is central to the recovery of the plaintiff class. Further, under § 1332(d)(4)(A)(i)(III), all principal injuries resulting from the conduct of Touro and SHONO were incurred in Louisiana, the state in which the action was originally filed (the local controversy exception).

Touro argues that subject matter jurisdiction is not proper under §§ 1332(d)(4)(A) and (B) (the local controversy exception and the home state exception). In addition to Weems' argument, Touro contends that, of those patients present on the premises of Touro, greater than two-thirds identified a Louisiana zip code as their primary billing address and residence.

Touro relies on the affidavit of Sandy McCall, the director of medical records for Touro, to support its argument. According to McCall, there were 299 patients present on the premises of Touro immediately before, during, and after Hurricane Katrina made landfall. The number includes patients of SHONO and Kindred Hospital, which are located at the Touro facility. Of the 299 patients, 242 patients were Touro patients who identified a Louisiana zip code as their primary billing address and residence. Touro argues that, assuming *arguendo* that all of the SHONO and Kindred patients were non-Louisiana residents, the 242 Louisiana Touro patients comprise almost 81% of the proposed class.

The court concludes that the controversy in this case is truly local inasmuch as it affects the New Orleans area to the exclusion of all others. The alleged injuries occurred in Louisiana, and the two defendants are Louisiana corporations. Further, the best evidence that is available at this time indicates that more than two-thirds of the proposed plaintiff class are citizens of Louisiana. SHONO's evidence of census data indicating that 57% of people in the New Orleans

area have not returned after Katrina is overly broad and is not adequate to rebut the evidence presented by Touro from the patients' files. As to the citizenship of those who may be filing wrongful death or survival actions, SHONO does not challenge Touro's contention that seven patients died. Assuming that all of their representatives are not citizens of Louisiana, the number of Louisiana class members would still exceed two-thirds of the class.

### III. CONCLUSION

Accordingly, the court declines jurisdiction under § 1332(d)(4), and the case is remanded to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this  14th  day of December, 2006.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**